## In re: TABLE SAW PRODUCTS LIABILITY LITIGATION.

### MDL No. 2079.

United States Judicial Panel on
Multidistrict Litigation.

Aug. 6, 2009.

Before ROBERT L. MILLER, JR.,
Acting Chairman, JOHN G. HEYBURN
II, Chairman *, KATHRYN H. VRATIL,
DAVID R. HANSEN, W. ROYAL
FURGESON, JR. and FRANK C.
DAMRELL, JR., Judges of the Panel.

## ORDER DENYING TRANSFER

ROBERT L. MILLER, JR., Acting
Chairman.

**Before the entire Panel \*:** Plaintiffs in
42 actions [1] pending in the Central District
of California, Eastern District of Califor-
nia, Northern District of California, North-
ern District of Illinois (six actions), District
of Massachusetts (23 actions), District of
Nevada, District of New Jersey (five ac-
tions), Eastern District of New York, Dis-
trict of South Carolina, Eastern District of
Texas, and Southern District of Texas, as
listed on Schedule A, have moved, pursu-
ant to 28 U.S.C. § 1407, to centralize those
actions in the District of Massachusetts.
Responding defendants all oppose centrali-
zation.[2]

On the basis of the papers filed and
hearing session held, we will deny plain-
tiffs' motion. The 42 constituent actions
all arise from accidents in which the sub-
ject plaintiffs were injured by table saws,
and all plaintiffs advance a theory that
those saws are defective because, *inter
alia,* they lack "flesh detection" technology
(also known as "SawStop" technology).
These common issues, however, are over-
shadowed by the non-common ones. Each
action arises from an individual accident
that occurred under necessarily unique cir-
cumstances. Multiple different saws made
by multiple different manufacturers were
involved in the various accidents. No de-
fendant is sued in all actions, and several
entities, including Emerson Electric Co.,
Hitachi Koki USA, Ltd., Sears Roebuck &
Co., and Woodstock International, Inc., are
named in, at most, two or three of them.
A significant number of the actions are
substantially advanced, and, indeed, the
fact discovery period will soon close in
many of them. Other actions were only
recently commenced. The proponents of
centralization have failed to persuade us
that, given these circumstances, transfer
under Section 1407 would serve the con-
venience of the parties and witnesses or
further the just and efficient conduct of
this litigation at the present time. *See* 28
U.S.C. § 1407(a). Alternatives to transfer

---

\* Judge Heyburn took no part in the disposition
of this matter.

1. Although the motion, as filed, encompassed
43 actions, one action pending in the District
of South Carolina was dismissed. The parties
have notified the Panel of nine additional
related actions.

2. Black & Decker Corp.; Black & Decker
(U.S.) Inc.; Delta Machinery Corp.; DeWalt
Industrial Tool Co.; Emerson Electric Co.;
Hitachi Koki USA, Ltd.; Home Depot U.S.A.,
Inc.; One World Technologies, Inc.; Power
Tools Specialists, Inc.; Rexon Industrial
Corp.; Robert Bosch Tool Corp.; Ryobi Tech-
nologies, Inc.; Sears Roebuck & Co.; Tech-
tronic Industries North America, Inc.; WMH
Tool Group, Inc.; and Woodstock Interna-
tional, Inc.

exist that may minimize whatever possibilities could arise of duplicative discovery and/or inconsistent pretrial rulings.[3] *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these 42 actions is denied.

## SCHEDULE A

MDL No. 2079 — **IN RE: TABLE SAW PRODUCTS LIABILITY LITIGATION**

*Central District of California*

*Vitaly Petrenko v. One World Technologies, Inc., et al.,* C.A. No. 5:08–758

*Eastern District of California*

*David DeCristoforo, Jr. v. Rexon Industrial Corp., et al.,* C.A. No. 2:08–933

*Northern District of California*

*Brendan Schmidt, et al. v. Pentair, Inc., et al.,* C.A. No. 3:08–4589

*Northern District of Illinois*

*Jaroslaw Wielgus v. Ryobi Technologies, Inc., et al.,* C.A. No. 1:08–1597

*Brandon Stollings v. Ryobi Technologies, Inc., et al.,* C.A. No. 1:08–4006

*Ruslan Lebedev v. Ryobi Technologies, Inc., et al.,* C.A. No. 1:08–4484

*Zdzislaw Ptak v. Black & Decker Corp., et al.,* C.A. No. 1:08–6212 Henrichas

*Sinkevicius v. Techtronic Industries Co., Ltd., et al.,* C.A. No. 1:09–1738

*Konrad Mielcarek v. Techtronic Industries Co., Ltd., et al.,* C.A. No. 1:09–2379

*District of Massachusetts*

*Carlos Osorio v. One World Technologies, Inc., et al.,* C.A. No. 1:06–10725

*Michael P. Staruski v. Black & Decker Corp., et al.,* C.A. No. 1:06–10735

*Eduardo Olivera v. Makita USA, Inc.,* C.A. No. 1:06–10736

*Riccardo DiBona v. Pentair, Inc., et al.,* C.A. No. 1:06–10737

*Ross MacDonald v. Emerson Electric Co., et al.,* C.A. No. 1:06–10925

*Andrew Bidgood v. Ryobi Technologies, Inc., et al.,* C.A. No. 1:06–12040

*John Padre, Jr. v. Emerson Electric Co., et al.,* C.A. No. 1:07–11294

*Thomas White v. Pentair, Inc., et al.,* C.A. No. 1:07–12043

*Ian Eddery v. Black & Decker Corp., et al.,* C.A. No. 1:08–10849

*Neil Resca v. Robert Bosch Tool Corp., et al.,* C.A. No. 1:08–11142

*Martin Santos v. Ryobi Technologies, Inc., et al.,* C.A. No. 1:08–11700

*Shaun Maloney v. Techtronic Industries North America, Inc., et al.,* C.A. No. 1:08–11888

*James Miles v. WMH Tool Group, Inc.,* C.A. No. 1:08–12017

*Jeremiah Bernier v. One World Technologies, Inc., et al.,* C.A. No. 1:08–12083

**3.** The record indicates that the parties have already reached a number of discovery-sharing agreements covering most, if not all, of the subject actions.

 

*Matthew Beers v. One World Technologies, Inc., et al.,* C.A. No. 1:09–10010

*Glenn Robert White v. One World Technologies, Inc., et al.,* C.A. No. 1:09–10011

*Walter F. Bellaconis, Jr. v. Robert Bosch Tool Corp.,* C.A. No. 1:09–10091

*Sujan Khadge v. Robert Bosch Tool Corp.,* C.A. No. 1:09–10092

*Luis Santiago v. One World Technologies, Inc., et al.,* C.A. No. 1:09–10768

*Michael Burke v. Techtronic Industries Co., Ltd., et al.,* C.A. No. 1:09–10797

*Robert Grey v. Techtronic Industries Co., Ltd., et al.,* C.A. No. 1:09–10799

*Roger Gallant v. WMH Tool Group, Inc., et al.,* C.A. No. 1:09–10821

*Omar Rosalis v. WMH Tool Group, Inc., et al.,* C.A. No. 1:09–10822

*District of New Jersey*

*Carl Fransen v. One World Technologies, Inc., et al.,* C.A. No. 2:08–5101

*Mamady Sangare v. Ryobi Technologies, Inc., et al.,* C.A. No. 2:09–303

*Lawrence A. Strelec v. Techtronic Industries Co., Ltd., et al.,* C.A. No. 2:09–742

*Christopher Helmes v. Techtronic Industries Co., Ltd., et al.,* C.A. No. 2:09–883

*Osbaldo Martinez v. Techtronic Industries Co., Ltd., et al.,* C.A. No. 2:09–2167

*District of Nevada*

*Steven Hildebrand v. Black & Decker Corp., et al.,* C.A. No. 2:09–871

*Eastern District of New York*

*Mario Lopez v. Techtronic Industries Co., Ltd., et al.,* C.A. No. 1:09–1270

*District of South Carolina*

*Deusdete Cuhna Barbosa v. Hitachi Koki USA, Ltd.,* C.A. No. 2:09–1285

*Eastern District of Texas*

*Lloyd Frazier v. Woodstock International, Inc.,* C.A. No. 6:09–227

*Southern District of Texas*

*Thomas Ortega v. Black & Decker Corp., et al.,* C.A. No. 4:09–1550